UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------
MOSHE KLEIN on behalf of himself and all others
similarly situated,

Plaintiff,

-against-

A.I.T. CREDIT SERVICES, INC.

Defendant.
--------------------------------------------------------------

**CV-12 3246**

**SUMMONS ISSUED**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 28 2012 ★

LONG ISLAND OFFICE

**CLASS ACTION COMPLAINT**

***Introduction***      **IRIZARRY, J.**

1. Plaintiff seeks redress for the illegal practices of A.I.T. Credit Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

***Parties***      **LEVY, M.**

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to S. Johns Episcopal Health.

4. Upon information and belief, A.I.T. Credit Services, Inc. is a collection agency which maintains an office in Inwood, Nassau County, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Moshe Klein*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, defendant sent the plaintiff a collection letter dated June 11, 2012 seeking to collect a balance allegedly owed to Meltzer Lippe for personal purposes.

11. While the letter states to the contrary, plaintiff maintains that the June 11, 2012 letter was the initial letter sent by the plaintiff and received by the defendant.

12. Said letter fails to set forth the plaintiff's right to dispute the debt and seek verification thereof.

13. Plaintiff has not received his dispute and verification rights within five days from the initial communication from the defendant.

14. In addition the said June 11, 2012 letter states in pertinent part: "NON PAYMENT of a debt MAY BE A CONCERN, especially if you are seeking to MAINTAIN A GOOD CREDIT PROFILE. We are certain you would prefer to resolve this matter."

15. Said language implies that the defendant will compromise the plaintiff's credit profile.

16. Said language implies that the defendant will report the debt to the credit bureaus.

17. Said language implies that defendant will take steps to communicate the debt with others.

18. On of the foregoing interpretations is wrong as the language is susceptible to multiple meanings, at least one of which is false.

19. Said language is drafted to deceive and threaten the consumer.

20. Said letter is in violation of 1692e, 1692e(5), 1692e(8), 1692e(10) and 1692g.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

21. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-20 as if set forth fully in this cause of action.

22. This cause of action is brought on behalf of plaintiff and the members of two classes.

23. The Class consists of consumers who received the same form letter, as did the plaintiff.

24. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about June 11, 2012 (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered,

3

(d) and that the letter contained violations of 15 U.S.C. §§ 1692e(10) and 1692(g) by failing to provide the consumer with the proper validation and dispute language.

25.     Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about June 11, 2012 (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1629e(8) and 1692e(10) for deception and false threats about credit reporting.

26.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA using collection letters that did not contain the requisite notices mandated by the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29.     Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

30. The defendant's failure to use certain language in the collection letter violates the Fair Debt Collection Practices Act.

31. Because the defendant violated of the Fair Debt Collection Practices Act, the

plaintiff and the members of the class are entitled to damages in accordance with the

Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on

behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing

           this action; and

    (c)    Any other relief that this Court deems appropriate and just under

           the circumstances.

Dated: Cedarhurst, New York
      June 25, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

6

# A.I.T. CREDIT SERVICES INC.

| P.O. BOX 960612   INWOOD, NY 11096-0612 | TEL#: 516 371-6388 |
|---|---|

**COLLECTION DIVISION**                    *** **COLLECTION NOTIFICATION** ***

Date:6/11/2012

Moshe Klein
C/O BERNARD KLEIN                          Account No: 507268-433291
1722 59th.street                           Client Ret#:
Brooklyn, NY  11204

To: Moshe Klein

-ORIGINAL CREDITOR-

| ACCT # | CLIENT | AMOUNT | INT | FEES | TOTAL |
|---|---|---|---|---|---|
| 507268 | Meltzer Lippe Goldstein & | 5714.30 | 0.00 | 0.00 | 5714.30 |

Unfortunately you have not responded to our initial correspondence,
mailed more than a month ago, with payment in full. Please be aware
our agency will pursue this delinquent account.

NON PAYMENT of a debt MAY BE A CONCERN, especially if you are
seeking to MAINTAIN A GOOD CREDIT PROFILE.

We are certain you would prefer to resolve this matter.

Upon payment of the $5714.30, we will clear your delinquent account
from our data files, and cease all further collection activities.

This communication is from a debt collector. This is an attempt to
collect a debt and any information obtained will be used for that purpose.

Your payment, made PAYABLE to A.I.T. CREDIT SERVICES INC. on behalf
of Meltzer Lippe Goldstein & Breistone LLC , or any questions you
may have should be directed to this office to ensure proper credit to
your account.

Sincerely,

*Jeff Winters*

Debt Collector-Specialist

cc. credit reporting division
NYC DCA LICENSE # 0979478

**PAYMENT MAY ALSO BE MADE ON OUR SECURE SITE AT    www.payment.aitcredit.com**